UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-cv-21943-ALTMAN

**DAVID C. LETTIERI**,

    *Plaintiff*,

v.

**LAWRENCE JOSEPH VILARDO**,

    *Defendant*.
_____/

## ORDER

On March 26, 2024, U.S. District Judge Jose E. Martinez dismissed a *pro se* civil rights complaint filed by our Plaintiff, David C. Lettieri, because (as Judge Martinez explained) Lettieri "may not initiate a civil action in federal court without prepaying the entire filing fee [since] he has three 'strikes' under 28 U.S.C. § 1915(g)." Order Dismissing Complaint, *Lettieri v. Allegany Cnty. Jail*, No. 24-cv-21114 (S.D. Fla. Mar. 26, 2024) (Martinez, J.), ECF No. 4 at 1. Judge Martinez found that Lettieri "is a prolific filer who has filed more than 70 cases in various districts throughout the country, almost all of which have been found to be frivolous or without merit." *Id.* at 2. Judge Martinez specifically noted that Lettieri had accumulated four "strikes" under § 1915(g) in just the two months preceding the case he brought to Judge Martinez. Those four strikes came in the following four cases: *Lettieri v. Garver*, No. 23-cv-01421 (N.D.N.Y. Feb. 22, 2024); *Lettieri v. Daniels*, No. 23-cv-00487 (W.D.N.Y. Mar. 8, 2024); *Lettieri v. Town of Colesville*, No. 23-cv-00519 (W.D.N.Y. Mar. 18, 2024); and *Lettieri v. Department of Justice*, No. 23-cv-00517 (W.D.N.Y. Feb. 26, 2024). *See* Order Dismissing Complaint, *Lettieri v. Allegany Cnty. Jail*, No. 24-cv-21114 (S.D. Fla. Mar. 26, 2024) (Martinez, J.), ECF No. 4 at 2–3.

In response to Judge Martinez's Order, Lettieri filed this action under the Administrative Procedure Act ("APA"), 5 U.S.C. § 702. *See* Complaint [ECF No. 1] at 2. Lettieri argues that Judge Lawrence Joseph Vilardo, the U.S. District Judge who presided over several of his cases in the Western District of New York, erred in dismissing *Lettieri v. Town of Colesville* as "meritless" because he wrongly found that a "court stenographer had 'judicial immunity' when in fact the Supreme Court has already stated the [sic] they don't." *Id.* at 1–2. Lettieri also says that Judge Vilardo violated the strictures of 28 U.S.C. § 137 because (Lettieri insists) his cases in the Western District of New York were *not* randomly assigned. *See id.* at 3 ("It also had violated [28 U.S.C. § 137] but not having a random Judge since Lawrence Joseph Vilardo was assigned to 23-cv-517, 23-cv-518, and 23-cv-519, thus causes another problem." (errors in original)). Lettieri asks for Judge Vilardo's opinion in *Town of Colesville* "to be vacated and striken [sic] from the record" and for us to transfer that case to the Northern District of New York. *Ibid.* Because Lettieri cannot use the APA to challenge a district court's rulings, we **DISMISS** Lettieri's Complaint **with prejudice**.

## THE LAW

The Court "*shall* review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A (emphasis added). A "prisoner" includes "any person incarcerated or detained in any facility who is . . . accused of [or] convicted of . . . violations of criminal law." *Id.* § 1915A(c). In screening a prisoner's complaint, we must "dismiss the complaint, or any portion of the complaint," when it is (1) "frivolous, malicious, or fails to state a claim upon which relief may be granted," or (2) "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

The Federal Rules of Civil Procedure require, in relevant part, that a well-pled complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). "Every pleading . . . must be signed by at least one attorney of record in the attorney's

2

name—or by a party personally if the party is unrepresented." FED. R. CIV. P. 11(a). In our Court, a civil-rights complaint submitted by a *pro se* prisoner "must be signed under penalty of perjury." S.D. FLA. L.R. 88.2; *see also* FED. R. CIV. P. 11(a) ("*Unless a rule or statute specifically states otherwise*, a pleading need not be verified or accompanied by an affidavit." (emphasis added)). Additionally, "complaints must substantially follow the form, if any, prescribed by the Court." S.D. FLA. L.R. 88.2(a).

To state a claim on which relief may be granted, a complaint's factual allegations "must be enough to raise a right to relief above the speculative level"—with "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). Under this standard, legal conclusions "are not entitled to the assumption of truth" and are insufficient to state a claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Moreover, "[w]here a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* at 678 (internal quotation marks omitted).

Courts may dismiss a plaintiff's complaint for failure to comply with the Federal Rules, the Local Rules, or court orders. *See, e.g.*, *Brutus v. Int'l Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1240–41 (11th Cir. 2009) ("The court may dismiss a claim if the plaintiff fails to prosecute it or comply with a court order."); *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) ("While dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion."). And *pro se* litigants are not exempt from procedural rules. *See Loren v. Sasser*, 309 F.3d 1296, 1304 (11th Cir. 2002) ("Despite construction leniency afforded *pro se* litigants, we nevertheless have required them to conform to procedural rules."); *see also Heard v. Nix*, 170 F. App'x 618, 619 (11th Cir. 2006) ("Although *pro se* complaints must be liberally construed, such complaints still must comply with the procedural rules governing the proper form of pleadings." (cleaned up)); S.D. FLA. L.R. 1.1 ("When used in these Local Rules, the word 'counsel' shall be construed to apply to a party if that party is proceeding pro se.").

The Court may not assist a *pro se* plaintiff in constructing "a theory of liability from facts never alleged, alluded to, or mentioned" in the complaint. *Fils v. City of Aventura*, 647 F.3d 1272, 1284 (11th Cir. 2011). Instead, "to prevail on a particular theory of liability, a party must present that argument to the district court." *Ibid.*; *see also GJR Inves., Inc. v. Cnty. of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998) ("Yet even in the case of *pro se* litigants this leniency does not give a court license to serve as de facto counsel for a party."), *overruled on other grounds by Ashcroft*, 556 U.S. 662.

## ANALYSIS

We dismiss this case under the three-strikes provision of 28 U.S.C. § 1915(g). "Section 1915 only allows a prisoner to file three meritless suits at the reduced rate provided by that section." *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (cleaned up). Once a prisoner has had three suits dismissed for one (or more) of the reasons set out in § 1915(g), he "must pay the full filing fee at the time he *initiates* suit[.]" *Ibid.* (emphasis in original). If the plaintiff doesn't pay the filing fee when he files his lawsuit—and unless he qualifies for the "imminent danger of serious physical injury" exception—the Court must "dismiss the action without prejudice when it denies the prisoner leave to proceed *in forma pauperis*." *Ibid.* Judge Martinez already found that Lettieri had filed "more than 70 cases" that were dismissed as "frivolous or without merit." Order Dismissing Complaint, *Lettieri v. Allegany Cnty. Jail*, No. 24-cv-21114 (S.D. Fla. Mar. 26, 2024) (Martinez, J.), ECF No. 4 at 2. Lettieri thus plainly falls within the ambit of § 1915(g) if he files a civil action in federal court without prepaying the filing fee. *See Daker v. Ward*, 999 F.3d 1300, 1310 (11th Cir. 2021) (holding that § 1915(g) applies to "[a] prisoner [who] has brought three or more federal lawsuits or appeals that were dismissed as frivolous, malicious, or for failure to state a claim").[1]

---

[1] We reject Lettieri's suggestion that he *wouldn't* be a three-striker but for Judge Vilardo's opinion in *Town of Colesville*. *See* Complaint at 1 ("[Judge Martinez] had denied the plaintiff *in forma pauperis* on the grounds of a dismissal from three cases, one case being [*Town of Colesville*]."). Even if we did not count *Town of Colesville* as a "strike" under § 1915(g), Lettieri doesn't contest the "more than 70" cases Judge

4

And Lettieri didn't pay the filing fee in this case—he, instead, filed a motion to proceed *in forma pauperis*, *see* [ECF No. 3]—so we must dismiss his Complaint under § 1915(g) unless he has alleged "that he was in imminent danger of serious physical injury at the time he filed his Complaint or that he was in jeopardy of any ongoing danger," *Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999). But, since Lettieri never alleges in his Complaint that he is "in jeopardy of any ongoing danger," he's forfeited his right to rely on this limited exception to § 1915(g). *See generally* Complaint; *see also United States v. Campbell*, 26 F.4th 860, 873 (11th Cir. 2022) ("[F]ailure to raise an issue in an initial brief . . . should be treated as a forfeiture of the issue, and therefore the issue may be raised by the court sua sponte [only] in extraordinary circumstances."); *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681 (11th Cir. 2014) ("We have long held that an appellant abandons a claim when he either makes only passing references to it or raises it in a perfunctory manner without supporting arguments and authority."); *Hamilton v. Southland Christian Sch., Inc.*, 680 F.3d 1316, 1319 (11th Cir. 2012) ("[T]he failure to make arguments and cite authorities in support of an issue waives it."); *In re Egidi*, 571 F.3d 1156, 1163 (11th Cir. 2009) ("Arguments not properly presented . . . are deemed waived.").

One last thing: Even where (as here) the plaintiff is a "three-striker" under § 1915(g), we still have the discretion "to dismiss a struck-out prisoner's case on the merits *with prejudice*" when his claims are obviously "frivolous" or "groundless." *White v. Lemma*, 947 F.3d 1373, 1379 (11th Cir. 2020), *abrogated in part on other grounds by Wells v. Brown*, 58 F.4th 1347, 1357 (11th Cir. 2023) (en banc). And that's precisely what we have here. Lettieri purports to bring a claim under the APA because he has been "adversely affected or aggrieved by agency action within the meaning of a relevant statute[.]" Complaint at 2 (citing 5 U.S.C. § 702). Although the APA "provides that a person adversely affected by final agency action is entitled to judicial review," it does not apply "[w]here a statute bars judicial

---

Martinez also counted as "strikes." *See* Order Dismissing Complaint, *Lettieri v. Allegany Cnty. Jail*, No. 24-cv-21114 (S.D. Fla. Mar. 26, 2024) (Martinez, J.), ECF No. 4 at 2–3.

review or agency action is committed to agency discretion by law[.]" *Bouarfa v. Sec'y, Dep't of Homeland Sec.*, 75 F.4th 1157, 1161 (11th Cir. 2023). And the APA unambiguously *excludes* "the courts of the United States" from the list of "agencies" that are subject to judicial review. 5 U.S.C. § 701(b)(1)(B); *see also Brennan v. Atkinson*, 2010 WL 5069860, at *3 (S.D. Fla. Dec. 7, 2010) (Gold, J.) ("A federal court is not subject to the provisions of the APA because it is not considered an agency under 5 U.S.C. § 701(b)(1), which specifically excludes courts of the United States from the definition of 'agency.'").[2] Because Letteri cannot use the APA to challenge the actions of a federal court, he's advanced a frivolous claim. *See Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001) ("A claim is frivolous if it is without arguable merit either in law or fact.").

Accordingly, we hereby **ORDER AND ADJUDGE** that the Complaint [ECF No. 1] is **DISMISSED with prejudice** as frivolous and for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915A(b). All pending motions are **DENIED as moot**. The Clerk of Court shall **CLOSE** this case.

**DONE AND ORDERED** in the Southern District of Florida on May 21, 2024.

_____
**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc:     David C. Lettieri, *pro se*

---

[2] And that makes sense. If Lettieri truly believed that Judge Vilardo misapplied the law, he could have appealed that decision to the United States Court of Appeals for the Second Circuit. *See* 28 U.S.C. § 1291 ("The courts of appeals . . . shall have jurisdiction of appeals from all final decisions of the district courts of the United States[.]"). Otherwise, aggrieved litigants could use the APA to force one district court to review the judgments of another—a kind of quasi-appellate review that's far beyond the scope of a district court's powers. *See Roofing & Sheet Metal Servs., Inc. v. La Quinta Motor Inns, Inc.*, 689 F.2d 982, 989 (11th Cir. 1982) ("[A] district court cannot perform an appellate function by directly reviewing the decisions of another district court[.]").